IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEON HARRISON, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-2314 |
| | § | |
| RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, | § § § § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION TO DISMISS**

Pending is Respondent's Motion to Dismiss (Document No. 12), in which Respondent argues that Petitioner's claims should be dismissed with prejudice for failure to state a claim. Having considered the motion, Petitioner's Responsive "Motion of Rejection" (Document No. 21), the claim raised by Petitioner in his § 2254 Application (Document No. 1), the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion to Dismiss be GRANTED, and this § 2254 proceeding be DISMISSED with prejudice.

**I.     Procedural History**

Leon Harrison ("Harrison") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), as a result of a 1998 conviction for aggravated assault with a firearm in the 184th District Court of Harris County, Texas, cause no. 751713, for which he was sentenced to thirty-six (36) years incarceration. That conviction was

affirmed by Texas' Fourteenth Court of Appeals on April 1, 1999, Harrison v. State, No. 14-98-00108-C, and Harrison's petition for discretionary review was thereafter refused by the Texas Court of Criminal Appeals on September 8, 1999.

Harrison is not directly challenging that conviction in this proceeding. Instead, he is challenging the manner in which the record of his conviction has been altered by TDCJ-CID. According to Harrison, TDCJ-CID officials altered his conviction record to reflect a deadly weapon finding, which findings has rendered him ineligible for mandatory supervision release and has put off his parole review date. Harrison raised these claims in a state application for writ of habeas corpus he filed on March 2, 2009. On April 22, 2009, the Texas Court of Criminal Appeals denied Harrison's state application for writ of habeas corpus on the findings of the state trial court without a hearing. This § 2254 proceeding, filed by Harrison on or about July 22, 2009, followed.

## II.   Discussion

Respondent argues in the Motion to Dismiss that Harrison has failed to state a cognizable claim in this § 2254 proceeding. According to Respondent, Harrison has no liberty interest in release on parole and is statutorily ineligible for mandatory supervision release and therefore he cannot state a claim for any violation of his federal constitutional rights.

Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to remedy constitutional violations rights which affect the "fact or duration" of an individual's physical imprisonment. *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973). Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is not available to remedy alleged constitutional violations which would not lead to either 1) an automatic shortening of an individual's sentence or 2) the individual's

immediate release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996)).

Here, Harrison maintains that TDCJ-CID officials altered his conviction records to reflect a deadly weapon finding, which has rendered him ineligible for mandatory supervision release and which has affected his parole review date. Harrison alleges as follows:

> Ground one: TDCJ officials illegally altered the Judgment and sentence to reflect an affirmative finding of a deadly weapon, when the jury had not made such a finding. . . . On 2/27/98, when Harrison was received at TDCJ, his original Judgment and sentence sheet was silence [sic] (had not been marked in block section) to any affirmative finding of a deadly weapon. On 12/12/07, the Director of Classification and records, Joni White was ordered by another court (230th) to do an affidavit on said date. On the word of the asst. D.A. in Court (230th), the Director of TDCJ-CR without authority or justification from the 184th District Court Judge, altered Harrison's Judgment and Sentence to reflect a deadly weapon finding in Harrison's classification file Judgment[,] [w]hich recalculated and readjust[ed] Harrison's original parole eligibility date from 8/13/05 to a current parole eligibility date of 8/5/2014. Sometime between Harrison's direct appeal and coming to TDCJ on 2/27/98, or after, Harris County District Clerk file Judgment was altered to show a deadly weapon finding and neither TDCJ or Harrison was informed of any change or motion for nunc pro tune [sic] to change the Judgment which had Harrison seeking parole since 2000, under the (1/4) law, with no showing of a deadly weapon finding.
>
> Ground Two: Applicant complains that TDCJ/Parole officials illegally deleted his mandatory supervision date, in violation of his 5th and 14th Due Process rights to the amendments of the United States Constitution. . . . Harrison was convicted of a 3rd degree aggravated assault and TDCJ-CID and the TDCJ Parole Division are treating Harrison['s] offense as if he was convicted under a 1st or 2nd degree aggravated assault, which do not have a mandatory supervision date. For the same reasons stated in ground one, TDCJ/Parole officials illegally deleted Harrison's true mandatory supervision date to reflect the current "discretionary mandatory supervision law" that became effective on 9/1/1996. Harrison['s] time started on 7/5/1996, which placed him under the old law of mandatory supervision.

§ 2254 Application (Document No. 1) at 7-8.

Despite Harrison's arguments, and the state court records, which reveal that Harrison's TDCJ-CID conviction records were adjusted in 2007, to reflect a deadly weapon finding in cause no. 751713, *see Ex Parte Harrison*, Application No. WR-48,077-06 at 40[1], Harrison's claims, as a matter of law, do not entitle him to either an automatic shortening of his sentence or his immediate release. That is because the state court records clearly and unequivocally show that Harrison was charged with aggravated assault with a deadly weapon, namely, a firearm. Tr. 2.[2] In addition, the state court records clearly and unequivocally show that the jury found Harrison "guilty of aggravated assault, as alleged in the indictment." Tr. 96. The Judgment entered on January 21, 1998, contains a deadly weapon finding, Tr. 110-111 and the Texas Court of Appeals, in affirming Harrison's conviction,

---

[1] In an affidavit filed by Charley Valdez, a Program Specialist III for the Classification and Records Division of the TDCJ-CID, in the state habeas proceeding, Valdez explained the correction of TDCJ-CID's internal records as follows:

> On 12-12-2007, the offender's time was adjusted on cause number 751713. Per judgment in file, record should reflect that there was an affirmative finding of a deadly weapon, and offender's time should be calculated as flat only for parole eligibility status. Offender is serving an offense listed under Tex. Gov't Code § 508.149(a). Offender remains in custody with a maximum expiration date of 8-5-2032, and has a parole eligibility date of 8-5-2014.

*Ex Parte Harrison*, Application No. 48,077-06 at 39-40.

[2] The indictment alleged as follows:
. . . the Defendant, on or about JULY 5, 1996, did then and there unlawfully, intentionally and knowingly cause bodily injury to DELLA JAVED by using a deadly weapon, namely, A FIREARM.

It is further presented that in Harris County, Texas, LEON HARRISON, hereafter styled the Defendant, heretofore on or about JULY 5, 1996, did then and there unlawfully and recklessly cause serious bodily injury to DELLA JAVED, hereinafter called the Complainant, by DISCHARGING A FIREARM IN THE DIRECTION OF THE COMPLAINANT.

Tr. 2.

noted that Harrison was appealing "his conviction by a jury for aggravated assault with a deadly weapon." *Harrison v. State*, No. 14-98-00108-CR at 1. While it appears that TDCJ-CID's records did not reflect the deadly weapon finding until the error was discovered in 2007, and corrected, that recording or documentation error on the part of TDCJ-CID does not change the fact that the actual 1998 Judgment included a deadly weapon finding.  As such, Harrison has never been statutorily eligible for mandatory supervision release, *see* TEX. CODE CRIM. PROC. Art. 42.18 § 8(c) ("A prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2) Subsection (a), Section 3g, Article 42.12 of this code"); 42.12 § 3g(a)(2) (deadly weapon finding) (West 1996), and TDCJ-CID's correction of its internal records to reflect such did not, and could not, have affected Harrison's eligibility for mandatory supervision release.  Similarly, TDCJ-CID's correction of its internal records to accurately reflect the deadly weapon finding did not, and could not, have affected Harrison's parole eligibility.  In all, Harrison complains about TDCJ-CID's correction of an error in their own internal conviction records do not, and cannot, provide the basis for either shortening Harrison's sentence or his immediate release.  Harrison has therefore not stated a claim for which relief may be granted in this § 2254 proceeding and dismissal is warranted.

### III.  Conclusion and Recommendation

Based on the foregoing, and the conclusion that Harrison has not alleged a claim that is cognizable under 28 U.S.C. § 2254(d), the Magistrate Judge

RECOMMENDS that Respondent's Motion to Dismiss (Document No. 12) be GRANTED, that Harrison's Responsive "Motion for Rejection" (Document No. 21) be DENIED, and that this

§ 2254 proceeding be DISMISSED WITH PREJUDICE for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 22 day of April, 2010.

*[signature]*
Frances H. Stacy
United States Magistrate Judge